UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTHONY ARRINGTON,

                    Plaintiff,                    Case No. 1:12-cv-529

v.                                          Honorable Robert Holmes Bell

AMY SCOTT et al.,

                    Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Breedlove. The Court will serve the complaint against Defendants Scott, Michelin, Wilson, Grandisher, Barber, Kotowitz, Gagne, Rinckey, Woods and Kemp.

**Discussion**

I.      Factual allegations

Plaintiff Anthony Arrington presently is incarcerated with the Michigan Department of Corrections and housed at the Marquette Branch Prison, though the actions about which he complains occurred while he was housed at the Ionia Maximum Correctional Facility (ICF). Plaintiff sues the following ICF employees: Corrections Officers Amy Scott, (unknown) Michelin, Laura Wilson, (unknown) Grandisher, (unknown) Kotowitz, Jennifer Gagne, (unknown) Rinckey, and Rebecca Woods; Assistant Resident Unit Supervisor Melissa Barber; Grievance Coordinator M. Breedlove; and Nurse Betty Kemp.

Plaintiff asserts that, between May 29, 2010, when he first arrived at ICF, and September 10, 2011, Defendants repeatedly retaliated against him for filing grievances. He alleges that Defendants Michelin, Wilson, Grandisher, Barber, Scott, Rinckey, Gagne, Woods and Kemp filed fabricated misconduct tickets against him on multiple dates and made comments indicating that they were punishing him for filing grievances or requesting grievance forms. He also alleges that various Defendants also used excessive force against him after he asked for grievance forms. On March 7, 2011, Defendants Barber, Scott and Michelin allegedly assaulted him and broke his nose, despite his compliance with their orders. On May 18, 2011, Defendants Barber and Kotowitz, together with Lieutenant Edwards, allegedly sprayed Plaintiff with pepper spray despite his compliance with their orders. Defendants allegedly made comments indicating that both acts of excessive force were taken in retaliation for Plaintiff's requests for grievance forms.

Plaintiff also alleges that Defendant Breedlove failed to respond to his June 2, 2010 request for a grievance form.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

-3-

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

 Plaintiff fails to make specific factual allegations against Defendant Breedlove, other than his claim that Breedlove was complicit in the actions taken by other Defendants because he failed to provide a grievance form upon request. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Breedlove engaged in any active unconstitutional behavior.

 Moreover, Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,*

No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant Breedlove's failure to provide him a grievance form did not deprive him of due process. For both reasons, Plaintiff fails to state a claim against Defendant Breedlove.

At this juncture, the Court concludes that Plaintiff's allegations against the remaining Defendants are sufficient to warrant service of the complaint.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Breedlove will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Scott, Michelin, Wilson, Grandisher, Barber, Kotowitz, Gagne, Rinckey, Woods and Kemp.

An Order consistent with this Opinion will be entered.


Dated: June 11, 2012                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE