UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ANTHONY ARRINGTON, # 251318,

        Plaintiff,

v.

AMY SCOTT, et al.,

        Defendants.

Case No. 1:12-cv-529

Honorable Robert Holmes Bell

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks an award of damages against defendants based on conditions of his confinement at the Ionia Correctional Facility (ICF) between May 2010 and September 2011. The matter is before the court on plaintiff's motion for a temporary restraining order (TRO) or preliminary injunction. (docket # 50). Plaintiff seeks an omnibus order from the court regarding his personal safety, food, showers, haircuts, legal property, personal property, grievance receipts, medical care, and major misconduct charges. For the reasons set forth herein, I recommend that plaintiff's motion be denied.

**Discussion**

        Temporary restraining orders and preliminary injunctions are extraordinary remedies. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also* FED. R. CIV. P. 65. Because they are extraordinary remedies, such relief is only granted where movant carries his burden of proving that the circumstances clearly demand it. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *accord National Viatical, Inc. v. Universal Settlements Int'l, Inc.*,

No. 1:11-cv-1226, 2012 3779298, at * 2 (W.D. Mich. Aug. 31, 2012). The four factors this court is to consider on motions for a TRO or preliminary injunction are well-established. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).

Plaintiff misperceives the purpose of a TRO or preliminary injunction. It is not designed to protect him from the adverse consequences of incorrigible behavior or to provide him the most comfortable confinement possible in a maximum security prison. The purpose of such relief "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The availability of a TRO or preliminary injunction is inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to relief is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010). A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Plaintiff's motion is unrelated to any underlying claim pending in this case. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (same).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claims. Plaintiff has not shown that an injunction is necessary to prevent irreparable harm. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its prisons.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for a TRO or preliminary injunction (docket # 50) be denied.

Dated:  January 7, 2013          /s/  Joseph G. Scoville
                                 United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).