UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ANTHONY ARRINGTON, # 251318,  )
                              )
        Plaintiff,            )   Case No. 1:12-cv-529
                              )
v.                            )   Honorable Robert Holmes Bell
                              )
AMY SCOTT, et al.,            )   **REPORT AND RECOMMENDATION**
                              )
        Defendants.           )
_____)

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. §1983. This lawsuit arises out of plaintiff's major misconduct convictions in 2010 and 2011 at the Ionia Maximum Correctional Facility (ICF) for sexual misconduct, threatening behavior, and disobeying direct orders. Plaintiff named eight female and two male employees at ICF as defendants:

  (1)  Corrections Officer Amy Scott;

  (2)  Corrections Officer Anne Michelin;

  (3)  Corrections Officer Laura Wilson;

  (4)  Corrections Officer Michelle Grandisher;

  (5)  Corrections Officer Jennifer Gagne;

  (6)  Corrections Officer Joshua Rinckey;

  (7)  Corrections Officer James Kotowicz;

  (8)  Corrections Officer Rebecca Woods;

  (9)  Assistant Resident Supervisor Melissa Barber; and

(10) Registered Nurse Betty Kemp.

Plaintiff alleges that the following major misconduct charges against him were "fabricated" and constituted "retaliation" in violation of his First Amendment rights:

(a) 5/28/2010 major misconduct charge for sexual misconduct filed by defendant Michelin (docket # 37-2, ID#s 126-27);

(b) 6/8/2010 major misconduct charge for sexual misconduct filed by defendant Wilson;

(c) 7/7/2010 major misconduct charge for sexual misconduct filed by defendant Gradisher (docket # 37-3, ID#s 132-33);

(d) 12/6/2010 major misconduct charge for sexual misconduct filed by defendant Barber (docket # 37-5, ID#s 141-42);

(e) 1/27/2011 major misconduct charge for sexual misconduct filed by defendant Scott (docket # 37-6, ID#s 149-50);

(f) 3/17/11 major misconduct charge for sexual misconduct filed by defendant Michelin;

(g) 5/18/2011 major misconduct charges for sexual misconduct, disobeying a direct order, and creating a disturbance filed by defendant Barber;

(h) 5/30/2011 major misconduct charges for sexual misconduct filed by defendant Kemp (docket # 37-7, ID#s 155-56);

(i) 9/1/2011 major misconduct charge for threatening behavior filed by defendant Rinckey;

(j) 9/1/2011 major misconduct charge for sexual misconduct filed by defendant Gagne; and

(k) 9/10/2011 major misconduct charges for sexual misconduct filed by defendant Woods.

Further, plaintiff alleges that on March 7, 2011, defendants Barber, Scott, and Michelin used excessive force against him in violation of his Eighth Amendment rights. He alleges that on May 18, 2011, defendants Barber and Kotowicz used excessive force against him in violation of his

Eighth Amendment rights. Plaintiff sues all defendants in their individual capacities and seeks damages.

The matter is now before the court on motions for summary judgment by defendants Scott, Michelin, Grandisher, Rinckey, Woods, Barber, Kemp, and Kotowicz (docket # 23) and defendant Gagne (docket # 40) seeking dismissal of all plaintiff's claims based on the affirmative defense provided by 42 U.S.C. § 1997e(a). Plaintiff has filed his response. (docket #s 28, 44, 47). For the reasons set forth herein, I recommend that defendants' motions for summary judgment be granted and that all plaintiff's claims against defendants be dismissed without prejudice, because of plaintiff's failure to exhaust administrative remedies.[1]

**Applicable Standards**

A. **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court

---

[1] Defendant Wilson has never been served with process or otherwise appeared in this lawsuit. (docket # 36). I recommend that all plaintiff's claims against defendant Wilson be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure for failure to make service. *See Joyner v. MERS*, 451 F. App'x 505, 506 (6th Cir. 2011). This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against defendant Wilson.

must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036,

1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); see *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

      **B.**      **Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner

may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. In *Jones v. Bock*, the Supreme Court held that exhaustion is an affirmative defense, and prisoners "are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. *Surles*, 678 F.3d at 455-56. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 674 (6th Cir. 2009); *see also Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a § 1983 action in federal court. 548 U.S. at 90-93; *see* 42 U.S.C. § 1997e(a). The procedural bar does not apply where the state declines to enforce its own procedural rules. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 ¶ R (effective 07/09/2007)[2] requires that the prisoner name within the body of his grievance the person whose conduct is challenged. In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the prisoner's grievance. The following is an overview of the grievance process. Inmates must first "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his or her control." *Id.* at ¶ P. If the mandatory pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted resolution. *Id*. The inmate submits the grievance to a designated grievance coordinator, who determines whether it should be rejected under MDOC policy or assigns it to a respondent. *Id.* at ¶¶ W, X. Prisoners are required to use "a Prisoner/Parolee Grievance (CSJ 247A) [form] to file a Step I grievance." *Id.* at ¶ R. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. The respondent at Step II is designated by the policy. The warden is generally the Step II respondent. *Id.* at ¶ DD. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using

---

[2] A copy of Policy Directive 03.02.130 is found in the record. (docket # 24-1, ID#s 73-79).

the same appeal form. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the Step III respondent. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ S. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing." *Id.*

Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process. *See Surles v. Andison*, 678 F.3d at 455. An argument that it would have been futile to file a grievance does not suffice. *See Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011). Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir.1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n. 6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); *Jones v. Douglas*, 108 F. App'x 254, 256 (6th Cir. 2004).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. He was an inmate at the Marquette Branch Prison (MBP) on May 23, 2012, when he filed this lawsuit. (docket

# 1, ¶ IIIA, ID# 3). All plaintiff's claims are based on conditions of his confinement at the Ionia Maximum Correctional Facility (ICF) from May 2010 through September 2011. (*Id.* at ID#s 3-13).

Plaintiff did not pursue any claim asserted in this lawsuit through Step III of the MDOC's grievance process. (docket # 24-2, Russell Aff. ¶ 18, ID# 83). He states that he made "several attempts to obtain and file grievances on multiple employees at [the] Ionia Correctional Facility between May 2010 and September 2011." (docket # 28-1, Plf. Decl. ¶ 1, ID# 91). He states that he was prevented and or intimidated from filing a grievance during this period. (*Id.* at ¶ 2, ID# 91; *see* docket # 28-2, ID#s 93-99; docket # 47, ID#s 179-80).

## Discussion

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff did not pursue any claim asserted in this lawsuit through Step III of the MDOC's grievance process.

Plaintiff states that he was prevented from filing grievances while he was an inmate at ICF. Assuming that this assertion is true, it does not excuse plaintiff's failure to properly exhaust his claims through the MDOC's grievance process. *See Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 321 (6th Cir. 2012) (prisoner's claim that the threat of retaliation prevented him from filing a grievance did not "relieve[] him of his duty to exhaust his administrative remedies"). It was incumbent upon plaintiff upon his transfer from ICF to MBP to file grievances corresponding to all the claims he is now asserting against defendants, including the explanations documenting his

reasons for the delayed filing of each grievance,[3] and to pursue all those grievances through Step III decisions. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d at 309 ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). Plaintiff did not properly exhaust any grievance against defendants corresponding to the claims he is asserting in this lawsuit. I find that defendants have carried their burden on the affirmative defense and are entitled to dismissal of all of plaintiff's claims.

The only remaining question is whether the dismissal of plaintiff's claims should be with or without prejudice. Generally, the dismissal of claims for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) is without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006). Defendants have not presented any developed argument why dismissal with prejudice would be appropriate.

It is virtually certain that any grievance plaintiff might now file against defendants would be rejected as untimely at Step I, and upheld on that basis at Steps II and III. A grievance so rejected would provide a basis for dismissing plaintiff's claims with prejudice because "proper exhaustion still requires compliance with the grievance policy's critical procedures such as

---

[3] Policy Directive PD 03.02.130 ¶ G states: "The grievance shall not be rejected if there is a valid reason for the delay." (docket # 24-1, ID# 74).

timeliness." *Vandiver v. Correctional Med. Servs., Inc.*, 326 F. App'x 885, 889 (6th Cir. 2009) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (stating that dismissal for failure to exhaust is without prejudice and does not bar the reinstatement of the suit, unless it is too late to exhaust)); *see Siggers v. Campbell*, 652 F.3d at 692. However, the Sixth Circuit's decision in *Reed-Bey v. Pramstalller* suggests that the court should not anticipate future events, but should instead wait and see whether the State actually enforces its procedural rules. 603 F.3d at 325-26.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claims against defendant Wilson be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against defendant Wilson. I further recommend that defendants' motions for summary judgment (docket #s 23, 40) be granted and that all plaintiff's claims against defendants Scott, Michelin, Grandisher, Rinckey, Woods, Barber, Kemp, Kotowicz, and Gagne be dismissed without prejudice for failure to exhaust administrative remedies.


Dated: January 8, 2013           /s/ Joseph G. Scoville
                                 United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).