UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY ARRINGTON #251318,

    Plaintiff,

v.

AMY SCOTT, et al.,

    Defendants.
    /

File No. 1:12-CV-529

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER
## APPROVING AND ADOPTING R&Rs

On May 23, 2012, Plaintiff Anthony Arrington filed a civil rights action pursuant to 42 U.S.C. § 1983 against eleven defendants alleging retaliation and excessive force. (Dkt. No. 1.) One defendant, Unknown Breedlove, was dismissed on June 11, 2012, for failure to state a claim. (Dkt. Nos. 4-5.) On January 7, 2013, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion for a temporary restraining order or preliminary injunction (Dkt. No. 50) be denied. (Dkt. No. 59.) The following day, Magistrate Judge Scoville issued an R&R recommending that Plaintiff's claims against Defendant Wilson be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m), that Defendants' motions for summary judgment (Dkt. Nos. 23, 40) be granted, and that all claims against defendants be dismissed without prejudice for failure to exhaust administrative remedies. (Dkt. No. 63.)

Plaintiff has failed to object to the first R&R, and the deadline for doing so has

expired. The Court has reviewed the matter and concludes that the January 7 R&R correctly analyzes the issues and makes a sound recommendation. Accordingly, the motion for a temporary restraining order will be denied. Plaintiff has timely filed objections to the January 8 R&R. The Court will address these objections.

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff's sole objection is that he did exhaust his administrative remedies. He contends that he mailed several grievances but did not receive any response and that his attempts to exhaust his administrative remedies were either interfered with or ignored. Because of this interference and non-response, he contends that he exhausted all "available" administrative remedies within the meaning of 42 U.S.C. § 1983. He also questions whether filing a grievance is still an available remedy if the time expires for filing it.

In answer to Plaintiff's question, exhaustion of administrative remedies requires proper exhaustion, as the Magistrate Judge noted. Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the

prisoner's claim is not properly exhausted even though the time has expired for filing it. *See Woodford v. Ngo,* 548 U.S. 81, 90-93 (2006). The Court further notes that, contrary to Plaintiff's assertion in his objections, MDOC Policy Directive 03.02.130 ¶ G (which states that an untimely grievance will not be rejected if there is a valid reason for delay) applies to all delays not just short-term causes for delay. Thus, Plaintiff is not precluded from filing a grievance regarding an incident that occurred months or even years earlier and attempting to put forth a valid reason for the delay.

As for Plaintiff's contention that he mailed grievances which were ignored/not responded to, he never made such arguments in response to the motions for summary judgment. (*See* Dkt. No. 28 & Attachs. 1-2; Dkt. No. 40.) "Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). "[I]ssues raised for first time in objections to magistrate judge's report and recommendation are deemed waived." *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)). "[A] party is not permitted to raise new arguments, issues, or evidence in objections to an R & R which he did not raise in his briefs before the Magistrate Judge." *Searcy v. Corr. Med. Servs., Inc.*, No. 1:07-CV-838, 2009 WL 910412, at *2 (W.D. Mich. Mar. 31, 2009) (Maloney, C.J.) (citing *Villicana v. Lafler*, No. 1:06-CV-96, 2009 WL

3

426639, *1 (W.D. Mich. Feb. 19, 2009) (Bell, J.) and *Williams v. Allegan Cty. Sheriff's Dep't*, No. 1:07-CV-1052, 2008 WL1701649, *2 (W.D. Mich. Apr. 9, 2008) (Maloney, J.)).

Plaintiff has offered no compelling reason for his failure to raise the argument that he mailed in grievances that went unanswered before the Magistrate Judge, and thus the Court deems it waived. As for the arguments Plaintiff did raise before – that prison officials at ICF refused to give him grievance forms and/or to permit him file such forms – the Magistrate Judge addressed the arguments:

> Plaintiff states that he was prevented from filing grievances while he was an inmate at ICF. Assuming that this assertion is true, it does not excuse plaintiff's failure to properly exhaust his claims through the MDOC's grievance process. *See Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 321 (6th Cir. 2012) (prisoner's claim that the threat of retaliation prevented him from filing a grievance did not "relieve[] him of his duty to exhaust his administrative remedies"). It was incumbent upon plaintiff upon his transfer from ICF to MBP to file grievances corresponding to all the claims he is now asserting against defendants, including the explanations documenting his reasons for the delayed filing of each grievance, and to pursue all those grievances through Step III decisions. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d at 309 ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

(Dkt. No. 63, at 9-10.) The Court agrees with this analysis.

The only other issue Plaintiff raises is a vague argument that if the Court had not dismissed Defendant Breedlove she could verify his claims that he sent in numerous grievances. However, Defendant Breedlove was properly dismissed, and Plaintiff's

4

conclusory argument does not rebut Defendants' showing that Plaintiff did not exhaust his administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that the January 7, 2013, R&R (Dkt. No. 59) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order or preliminary injunction (Dkt. No. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that the January 8, 2013, R&R (Dkt. No. 63) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Wilson are **DISMISSED WITHOUT PREJUDICE** under Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 23, 40) are **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendants Scott, Michelin, Grandisher, Rinckey, Woods, Barber, Kemp, Kotowicz, and Gagne are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Dated: March 14, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE